UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

WALTER EUGENE DIXON, JR.,  )
                            )
    Petitioner,              )    Civil Action No.11-CV-0079-HRW
                            )
v.                          )
                            )    **MEMORANDUM OPINION**
GARY BECKSTROM, *Warden*,    )    **AND ORDER**
                            )
    Respondent.              )

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*

Walter Eugene Dixon, Jr., confined in the Eastern Kentucky Correctional Complex ("EKCC") located in West Liberty, Kentucky, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] He challenges the manner in which the Federal Bureau of Prisons ("BOP") has calculated his federal sentence.

As Dixon has paid the $5.00 filing fee, the Court reviews the § 2241 petition to determine whether, from the face of the petition and any exhibits annexed to it, he is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see, e.g., Patton v. Fenton,* 491 F.Supp. 156,

---

[1] Dixon filed his § 2241 petition on June 22, 2011, in the United States District Court for the Western District of Kentucky ("the Western District"). On July 28, 2011, the Western District transferred the petition to this Court pursuant to 28 U.S.C. § 1404(a), finding that because Dixon is confined in the EKCC, which is located in this district, and because Gary Beckstrom, Dixon's current warden, is located in this district, a transfer was warranted [D. E. No. 5].

158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. If it appears from the face of the § 2241 petition that relief is not warranted, the Court may summarily dismiss the petition. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

As explained below, as to the challenge Dixon asserts in his habeas petition, he is not currently entitled to relief under § 2241. His petition will be denied and this proceeding will be dismissed without prejudice to Dixon filing another § 2241 petition after he completes his concurrent state sentence, comes into the BOP's custody, and exhausts his claims through the BOP's administrative remedy process.

## CLAIMS

Dixon alleges that the BOP has refused to apply certain pre-sentence credits to a federal sentence which he was ordered to serve concurrently with the state sentence he is now serving in the Commonwealth of Kentucky, currently in the EKCC. Specifically, Dixon seeks pre-sentence custody credits on his federal sentence for 323 days which he served in primary state custody between April 27, 2007, and March 18, 2008, the latter being the date on which he began serving his current state sentence.

Construing Dixon's petition broadly, he appears to argue that he is entitled to "Willis" credits on his federal sentence, pursuant to the holding in *Willis v. United*

*States*, 438 F.2d 923 (5th Cir. 1971), which has been incorporated into the BOP's policy and applies when a prisoner's federal sentence is ordered to run concurrently with a prior state sentence.[2] Dixon further appears to argue that the BOP's failure to properly credit his concurrent federal sentence violates his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. Dixon alleges that because he is not currently confined in a BOP facility, he is unable to exhaust his claims through the BOP's administrative remedy process, 28 U.S.C. § 542.13-16 [D. E. No. 3, p. 4 ¶ 6(d)].

## DIXON'S STATE AND FEDERAL CONVICTIONS

The following is a summary of Dixon's state and federal convictions, based on his § 2241 petition, the attached exhibits, and information available through the Public Electronic Access to Public Records ("PACER") website,

---

[2]

Pursuant to BOP Program Statement ("PS") 5880.28, *Sentence Computation Manual*, a federal prisoner is entitled to *Willis* credits when: (1) his federal and state sentences are concurrent; and (2) his federal sentence is to run longer than the state sentence (not counting any credits). When the prisoner meets both criteria, he is entitled to credits on his federal sentence, calculated as follows:

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that his first sentence begins to run, federal or non-federal. These time credits are known as *Willis* time credits.

P.S. 5880.28(2)(c).

http://www.pacer.gov/, which compiles information concerning all criminal and civil actions filed in federal courts:

(1) **February 7, 2007**: Dixon was indicted on two counts of possession with intent to sell, distribute, or dispense of a controlled substance in the United States District Court for the Western District of Kentucky. *United States v. Dixon*, No. 1:07-cr-00003-TBR-1(W.D. Ky.)("the Federal Proceeding");

(2) **March 8, 2007**: Judge Thomas B. Russell, who presided over the Federal Proceeding, issued a writ of *habeas corpus ad prosequendum* directing the United States Marshals Service to borrow Dixon from state custody to appear in the Federal Proceeding on March 21, 2007, "and to remain in federal custody until final resolution of this case, for the purpose of defending, if he wishes, charges against him now pending in this Court. . . ." *See* Writ of *Habeas Corpus ad Prosequendum*, Federal Court Docket Entry No. 8.

(3) **April 24, 2007**: Dixon was convicted of Trafficking in a Controlled Substance in the Commonwealth of Kentucky, Warren Circuit Court, Case No. 07-CR-123-002 ("the State Proceeding"), and received a fifteen-year prison term ("the State Sentence").

(4) **February 8, 2008**: Judge Russell sentenced Dixon to a 151-month

prison term in the Federal proceeding on two counts of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and (C), but ordered Dixon's federal sentence to "... run concurrently with the sentence of imprisonment [he] is presently serving in Warren Circuit court, Case No. 07-CR-00123-002" [D. E. No. 24, p. 2] ("the Federal Sentence"). Judge Russell remanded Dixon to the custody of the United States Marshals Service [*Id.*]. Dixon was then returned to the primary custody of the Commonwealth of Kentucky to complete service of his state sentence.

(5) **March 18, 2008**: the Kentucky Department of Corrections ("KDOC") designated this date as the "Sentence Start Date" of the State Sentence. *See* KDOC "Resident Record Card," attached to Dixon's § 2241 Petition in this proceeding, 11-CV-00079-HRW [D. E. No. 3-1, p. 1].

## DISCUSSION
### 1. Current § 2241 Petition is Premature

This proceeding will be dismissed without prejudice because: (1) Dixon has named a respondent who cannot afford him the relief which he seeks, and (2) Dixon's § 2241 petition is premature. Dixon challenges the Federal Sentence but has named as the respondent Gary Beckstrom, Warden of the EKCC, the state facility where he is currently confined. Neither Warden Beckstrom, nor the KDOC, have control over

5

any aspect of the Federal Sentence, including the application of sentencing credits.

Further, Dixon's challenge to the manner in which the Federal Sentence is allegedly being calculated is premature. Although the Federal Sentence is running concurrently with the State Sentence, and although the time which Dixon is now serving in primary state custody (and has been serving since March 18, 2008), simultaneously constitutes time served against the Federal Sentence, the fact remains that Dixon is presently in the sole custody of the KDOC. Dixon is not in the custody of the BOP. To the extent that Dixon represented himself as a BOP inmate in his initial filing [D. E. No. 1] and listed therein his purported BOP Register Number, "09842-033" he was in error. The "Inmate Locator" feature of the BOP's website does not list a "Walter Eugene Dixon, Jr." as a current federal inmate, either by name or under BOP Register No. "09842-033." See www.bop.gov.[3]

Dixon will transfer to the physical custody of the BOP only after he completes service of the State Sentence, which according to the KDOC "Resident Record Card" will be approximately sometime in the spring of 2017. Once Dixon transfers to BOP

---

[3]
When the Court used the "Inmate Locator" feature of the BOP's website to locate Dixon, and typed in BOP Register Number "09842-033," the website responded with "Inmate Not Found." See www.bop.gov. Further, the BOP's website lists only one "Walter Dixon" as a current BOP inmate, but that "Walter Dixon" is confined in the Atlanta Community Corrections Management Office and is scheduled for release from BOP custody on September 30, 2011. [*Id.*] Clearly, that "Walter Dixon" is not the same person as Walter Eugene Dixon, Jr., the petitioner in this proceeding.

custody he is free to file another § 2241 petition challenging the manner in which the BOP is calculating his sentence, if at that time he still contends that the BOP is improperly calculating his federal sentence. Prior to filing such a § 2241 petition, however, Dixon must first administratively exhaust his claims through the BOP administrative remedy process. But Dixon's current § 2241 petition will be denied as premature because the named respondent, EKCC Warden Beckstrom, can not effectuate the relief which Dixon seeks concerning his concurrent federal sentence.

## 2. Possible Deficiencies on the Merits

Although the current § 2241 petition is being dismissed without prejudice to Dixon filing a future petition after he comes into the BOP's physical custody, he is advised that based on the information he has attached to his current § 2241 petition, he may not be entitled to relief under § 2241 on the merits of his claims.

Dixon alleges that according to the BOP's May 19, 2010, "Sentence Monitoring Computation Data ("SMCD") sheet, the BOP has failed to credit the Federal Sentence with 323 days of "jail credit" representing the time he served in primary state custody, between April 27, 2007 and March 18, 2008, prior to the imposition of the Federal Sentence. Review of the SMCD is impossible because Dixon did not attach it to his petition, but assuming that the SMCD says what Dixon claims it says, *i.e.*, that he will not be receiving a 323-day credit on his federal

sentence for the time which he served in primary state custody between April 27, 2007 and March 18, 2008, the SMCD would most likely be correct for two reasons.

First, Dixon has already received credit for the time he spent in custody between April 24, 2007 and March 18, 2008. The State Sentence began to run on March 18, 2008, the date on which the federal *writ of habeas corpus ad prosequendum* expired and Dixon was returned to the primary jurisdiction of the Commonwealth of Kentucky. The KDOC's "Resident Record Card" reflects that because Dixon was in state custody between April 24, 2007, and March 18, 2008, (323 days), the KDOC applied those 323 days of credit to the State Sentence.[4] Thus, Dixon has in fact received full credit for those 323 days of service, but the credit was applied to the State Sentence, not the Federal Sentence.[5] Federal law prohibits Dixon

---

[4]

The entry is the first in a series of listed credits the KDOC has applied to Dixon's state sentence. The specific entry shows that on April 18, 2008, the KDOC applied 323 days of credit (identified as "Other Sentence Credit") to Dixon's state sentence. The KDOC's explanation for the 323 days of credit, set forth in the preceding line, states as follows:

Sentenced on 4/24/2007, but held in federal custody until 3/18/2008; **credit for federal time (323) days**.

[D. E. No. 3-1, p. 1] (emphasis added).

[5]

The "Resident Record Card" further reveals that as of March 1, 2011, Dixon had already served *four years*, two months, and seven days of the State Sentence, even though the "Sentence Start Date" was March 18, 2008, which at that time was a little less than *three years* before the KDOC generated the "Resident Record Card." Clearly, Dixon is a year ahead of the State Sentence because he has received almost a year (323 days) of credit for the period of time he served in primary state custody between April 24, 2007, and March 18, 2008. The "Resident Record Card" also

from receiving "double" credit for the time he spent in state custody between April 24, 2007, and March 18, 2008, against the Federal Sentence.

The controlling statute provides as follows, in its entirety:

18 U.S.C. § 3585. Calculation of a term of imprisonment

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

28 U.S.C. § 3585 (emphasis added).

Under subsection (b) of Section 3585, the Attorney General, through the BOP, is granted the authority to grant a prisoner credit for pre-sentence detention. *Id.*;

---

indicates that as of march 1, 2011, Dixon had earned 340 days of credits for good conduct, work, and educational training. As of March 1, 2011, the KDOC projected Dixon's remaining time of service on his fifteen-year sentence as being six years, one month, and ten days. Under that time-line, the State Sentence should likely expire sometime in the spring of 2017.

9

*United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). However, in the last line of the statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence." § 3585(b). Awarding a prisoner with double credit for time credited toward another sentence is specifically prohibited by 18 U.S.C. § 3585(b). Therefore, because the KDOC has credited the State Sentence with the 323 days which Dixon served in primary state custody between April 24, 2011, and March 18, 2008, Dixon would most likely not be entitled to a "double credit" against the Federal Sentence for the same period of time for which he has already received credit.

Second, between April 24, 2007 and March 18, 2008, Dixon was in primary custody of the Commonwealth of Kentucky, and only secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*. The fact that Dixon was taken from state custody for the purpose of appearing in the Federal Proceeding and defending against federal charges pursuant to that writ between April 24, 2007, and March 18, 2008, did not change his custody status.

Such a writ is only a mechanism whereby the prisoner is "borrowed" by federal authorities, and the State retains "primary" jurisdiction over him. *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (producing state prisoner under writ of

habeas corpus ad prosequendum does not relinquish state custody); *Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir. 1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody).

In *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. September 27, 2000) (Table), Huffman alleged that he was entitled to credits for more than two years, during which he was primarily in the custody of the North Carolina Department of Corrections and only secondarily in the custody of the United States Marshals, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit disagreed, stating: "The length of time . . . spent on the federal writ of habeas corpus ad prosequendum does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence." *Huffman*, 2000 WL 1478368 at *2 (citation omitted).

The Sixth Circuit determined that because Huffman received credit on his state sentence for the period of his incarceration up to the commencement of his federal sentence, time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him for the same time again would result in Huffman receiving "improper double credit." *Id.*, citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). *See also Broadwater v. Sanders*,

59 F. App'x 112, 113-14 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. . . . If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit.") (internal citations omitted).

It appears from both the KDOC's "Resident Record Card," and the docket sheet from the Federal Proceeding, that Dixon was in temporary- and thus secondary- federal custody between April 27, 2007 and March 18, 2008, only because a writ of *habeas corpus ad prosequendum* had been issued in the Federal Proceeding. The issuance of the writ would not have changed the fact that during this same time-period, Dixon was in the primary custody of the Commonwealth of Kentucky, which would be why the KDOC has credited the State Sentence with that entire 323-day period. Further, when Judge Russell sentenced Dixon in the Federal Proceeding on February 8, 2008, he ordered the Federal Sentence to run concurrently with the State Sentence, specifically noting that at that time, Dixon was serving the State Sentence:

> "The term of imprisonment imposed herein shall run concurrently **with the sentence of imprisonment the defendant is presently serving in Warren Circuit court** [sic], No. 079-CR-00123-002."

*See* "Imprisonment" Section of Judgment in a Criminal Case, Federal Proceeding [D. E. 24, p. 3] (emphasis added).

As Dixon has received full credit for the 323 days of time which he served in primary state custody between April 24, 2007, and March 18, 2008, against the State Sentence which began on March 18, 2008, when the writ of *habeas corpus ad prosequendum* expired, he would not appear to be entitled to the same credit on the Federal Sentence, because a federal prisoner is not entitled to "double credit" under § 3585(b). Further, Dixon would not appear to be entitled to credit for that time-period because he was in federal custody only pursuant to a writ of *habeas corpus ad prosequendum,* and as explained, awarding him with credit on the Federal Sentence would result in him receiving improper double credit, which § 3585(b) prohibits.

For the reasons set forth above, Dixon's challenge to the Federal Sentence is premature and he is not currently entitled to relief under § 2241 with respect to that particular challenge. Dixon's § 2241 petition will be dismissed without prejudice to him filing another petition after the State Sentence expires, he comes into the physical custody of the BOP to complete service of the Federal Sentence, and he fully exhausts his claims through the BOP's administrative remedy process. At that time, the BOP can apprise Dixon in more detail as to whether he is entitled either to *Willis* sentencing credits or to a *nunc pro tunc* designation of the state facility where he

served the State Sentence between March 18, 2008, and the date on which the State Sentence expired.[6]

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Walter Eugene Dixon, Jr.'s 28 U.S.C. § 2241 petition [D. E. 2] is **DENIED**;

(2) This proceeding is **DISMISSED WITHOUT PREJUDICE**; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent, Gary Beckstrom, Warden of the EKCC.

This August 16, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

---

[6] A *nunc pro tunc* designation allows a prisoner's concurrent federal sentence to commence while he is still in state custody serving a state sentence. *See* 18 U.S.C. § 3621(b); *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1991).